UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11082-GAO

ERNEST YOUNG,
Petitioner,

v.

GEOFF GRONDOLSKY,
Respondent.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons stated below, the Court denies the petition for a writ of habeas corpus and orders that this action be dismissed.

On February 4, 2013, Ernest Young, who is confined at FMC Devens, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  Young is challenging the revocation of his access to computers after prison officials determined that he had attempted to transfer a large amount of money from his inmate account to his mother.  He alleges that this sanction was imposed without a hearing.  The petition has not been served so that the Court may review the petition to determine whether the respondent should be required to reply.  See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).[2]

The petition must be denied because the alleged misconduct of which Young complains

---

[1] Young initially filed his petition in the United States District Court for the Western District of Tennessee.  Because Young is incarcerated within the District of Massachusetts, the petition was transferred to this Court.  See Young v. Grondolsky, C.A. No. 13-02079 (W.D. Tenn.).

[2] See also Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").  Rule 4 may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254.

is not the proper subject of a petition for a writ of habeas corpus.  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action]."  <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004).   Here, Young challenges the loss of access to computers without a disciplinary hearing.  He does not suggest that this sanction affects the duration of his confinement in any way.  In the absence of any allegation that the success on his petition would "necessarily spell speedier release," Young's claim falls outside the scope of this Court's habeas jurisdiction. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 82 (2005).

Accordingly, this the petition is DENIED and this action is DISMISSED.

SO ORDERED.

| <u>    10/2/2013                    </u> | <u>    /s/ George A. O'Toole, Jr.              </u> |
|---|---|
| DATE | GEORGE A. O'TOOLE, JR. |
| | UNITED STATES DISTRICT JUDGE |